*05 CV 2626*

*C HK / AJB*

## UNITED STATES DISTRICT COURT
## FOURTH DIVISION
## DISTRICT OF MINNESOTA

---

Milavetz, Gallop and Milavetz PA., Robert Milavetz,
Barbara N. Nevin
John Doe and Mary Doe

.

           Plaintiffs,

vs.

United States of America,

           Defendant.

Civil No.: _____

**COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE
RELIEF**

---

### INTRODUCTION

1.    This action seeks a declaratory judgment, that the provisions of the Bankruptcy Abuse

Prevention and Consumer Protection Act of 2005 (BAPCPA), appear to inappropriately classify

attorneys as "debt relief agencies.". Further, the BAPCPA's restrictions limits attorneys' ability

to ethically and competently advise and represent their clients and illegally restricts the attorneys'

right to free speech. Also, the BAPCPA illegally restricts the public's right to receive information

from attorneys, presumptively protected under the First Amendment of the United States

Constitution.

2.    It is asserted that the BAPCPA affirmatively prevents attorneys from conforming with the

Minnesota Rules of Professional Responsibility, which requires attorneys to provide "competent

representation" to their clients, (Minn. R. Prof. Resp. Rule 1.1) by denying attorneys the right of

free speech with their clients, which is constitutionally protected by the First Amendment of the

United States Constitution. BAPCPA apparently limits the ability of attorneys to competently

advise their clients and to advocate for them.

1


SCANNED
NOV 1 4 2005
U.S. DISTRICT CO. MPLS

## I. JURISDICTION AND VENUE

3.      Plaintiffs bring this action to construe 11 U.S.C § 526(c) 1-5 as it appears to

authorize courts to enjoin "debt relief agencies" from certain actions and to impose civil penalties

on the violator.  Under BAPCPA the Bankruptcy Court has broad jurisdiction to both initiate a

disciplinary action and punish a violation of the act.  This provision has a constitutionally

impermissible  chilling effect on First Amendment rights.  Plaintiffs respectfully ask this court to

declare that attorneys practicing in bankruptcy law are not subject to the provisions regulating

"debt relief agencies."

4.      28 U.S.C. § 2201 (2005)  permits any court of the United States, upon the filing of the

appropriate pleading, to declare the rights and other legal relationships "of any interested party

seeking such declaration, whether or not further relief is, or could be, sought.  Any such

declaration shall have the force and effect of a final judgment or decree and shall be reviewable

as such."

5.      11 U.S.C. § 526C(4) (2005)  states: "the district courts of the United States for districts

located in the State shall have **concurrent** jurisdiction of any action under subparagraph (A), (B)

of paragraph (3)."

        11 U.S.C.§ 526 (3) (2005) states:

*(3) In addition to such other remedies as are provided under State law, whenever the
chief law enforcement officer of a State, or an official or agency designated by a State,
has reason to believe that any person has violated or is violating this section, the State--
(A) may bring an action to enjoin such violation;
(B) may bring an action on behalf of its residents to recover the actual damages of
assisted persons arising from such violation, including any liability under paragraph (2)*

2

## II. PARTIES AND INTERESTS AFFECTED

6.      Plaintiff Milavetz, Gallop and Milavetz P.A. is a professional legal association which is incorporated pursuant to the laws of the State of Minnesota. The address of Milavetz Gallop and Milavetz P.A. is 6500 France Avenue South., Edina, Minnesota 55435.

7.      Plaintiffs, Robert Milavetz and Barbara Nevin are attorneys who are citizens of the United States. Plaintiffs, Robert Milavetz and Barbara Nevin, are duly licensed attorneys by the Minnesota Supreme Court, and the Federal Court for the District of Minnesota. Plaintiffs, Robert Milavetz and Barbara Nevin, practice in the United States Bankruptcy Court in the State of Minnesota. Plaintiffs provide "bankruptcy assistance" to "assisted persons."

8      Plaintiff, Robert Milavetz, is a director and supervisor of associate attorneys, employed by the law firm, Plaintiff Milavetz, Gallop and Milavetz P.A.

9.      Plaintiff, Barbara Nevin, is an associate attorney of Milavetz Gallop and Milavetz P.A.. Plaintiff Barbara Nevin's duties include representing clients in bankruptcy matters. Ms. Nevin has currently fulfilled the attorney requirements for certification in order to file bankruptcies through electronic filing in the United States Bankruptcy Court. Ms. Nevin currently drafts, reviews and files all of the bankruptcy petitions filed by Milavetz, Gallop and Milavetz P.A. in the United States Bankruptcy Court in Minnesota.

10.     Plaintiffs John Doe and Mary Roe are members of the public who wish to obtain legal advise from attorneys about pre-bankruptcy planning and filing bankruptcy.

11.     Plaintiffs, Milavetz, Gallop and Milavetz P.A., and Barbara Nevin, are representing new clients under the Bankruptcy Code Amendments which took effect on October 17, 2005. Plaintiffs, Milavetz, Gallop and Milavetz P.A., Robert Milavetz and Barbara Nevin have advised

3

and represented thousands of clients over the years in filing for relief under the United States

bankruptcy laws. Plaintiffs have previously advertised their legal services as bankruptcy

attorneys in newspapers and telephone directories, and on television, radio, and the internet.

Plaintiffs desire to continue to advertise, pursuant to the First Amendment of the U.S.

Constitution, practicing as bankruptcy attorneys and not as "debt relief agencies." There is

considerable confusion as to what attorneys are allowed to do or not do under BAPCPA.

Particularly, whether they must advertise as "debt relief agencies", rather than as attorneys and

whether the proscriptions against "debt relief agencies" also applies to attorneys.

12      Milavetz Gallop and Milavetz P.A., desires to practice bankruptcy law consistent with the

Minnesota Rules of Professional Conduct, and does not intend to engage in a separate

commercial enterprise as a "debt relief agency," or call itself a "debt relief agency."

### III. AVERMENTS OF FACT

13.     The relevant portions of the BAPCPA are 11 U.S.C. §s. 101, 526 & 528 (2005)

provide:

A.     11 U.S.C. § 101 (2005) defines an attorney as::

*The term "attorney" means attorney, professional law association, corporation,
or partnership, authorized under applicable law to practice law.*

11 U.S.C.§ 101) (2005) defines a debt relief agency as follows:

*The term "debt relief agency" **means any person who provides any bankruptcy
assistance to an assisted person in return for the payment of money or other
valuable consideration, or who is a bankruptcy petition preparer under section
110 [11 USCS § 110],** but does not include--*

*any person who is an officer, director, employee, or agent of a person who
provides such assistance or of the bankruptcy petition preparer;*

4

*a nonprofit organization that is exempt from taxation under section 501(c)(3) of the Internal Revenue Code of 1986 [26 USCS § 501(c)(3)];*

*a creditor of such assisted person, to the extent that the creditor is assisting such assisted person to restructure any debt owed by such assisted person to the creditor;*

*a depository institution (as defined in section 3 of the Federal Deposit Insurance Act [12 USCS § 1813]) or any Federal credit union or State credit union (as those terms are defined in section 101 of the Federal Credit Union Act [12 USCS § 1752]), or any affiliate or subsidiary of such depository institution or credit union; or*

*an author, publisher, distributor, or seller of works subject to copyright protection under title 17, when acting in such capacity.*

B. 11 U.S.C. § 126 (a) 1-4  states the following things a debt relief agency may not do.

a) *A debt relief agency shall not--*

*(1) fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title;*

*(2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue and misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;*

*(3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to–*
*(A) the services that such agency will provide to such person; or*
*(B) the benefits and risks that may result if such person becomes a debtor in a case under this title; or*

**(4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.** *11 (Emphasis added).*

5

C. 11 U.S.C. § 528 (2005) a-b also places the following restrictions on debt relief

agencies.

> *(a) A debt relief agency shall--*
>
> *(1) not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person that explains clearly and conspicuously--*
>
> *(A) the services such agency will provide to such assisted person; and*
>
> *(B) the fees or charges for such services, and the terms of payment;*
>
> *(2) provide the assisted person with a copy of the fully executed and completed contract;*
>
> *(3) clearly and conspicuously disclose in any advertisement of bankruptcy assistance services or of the benefits of bankruptcy directed to the general public (whether in general media, seminars or specific mailings, telephonic or electronic messages, or otherwise) that the services or benefits are with respect to bankruptcy relief under this title; and*
>
> ***(4) clearly and conspicuously use the following statement in such advertisement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." or a substantially similar statement.***
>
> *(b) (1) An advertisement of bankruptcy assistance services or of the benefits of bankruptcy directed to the general public includes--*
> *(A) descriptions of bankruptcy assistance in connection with a chapter 13 plan whether or not chapter 13 is specifically mentioned in such advertisement; and*
> *(B) statements such as "federally supervised repayment plan" or "Federal debt restructuring help" or other similar statements that could lead a reasonable consumer to believe that debt counseling was being offered when in fact the services were directed to providing bankruptcy assistance with a chapter 13 plan or other form of bankruptcy relief under this title.*
>
> ***(2) An advertisement, directed to the general public, indicating that the debt relief agency provides assistance with respect to credit defaults, mortgage foreclosures, eviction proceedings, excessive debt, debt collection pressure, or inability to pay any consumer debt shall--***
> ***(A) disclose clearly and conspicuously in such advertisement that the assistance***

*may involve bankruptcy relief under this title; and*
*(B) include the following statement: "We are a debt relief agency. We help*
*people file for bankruptcy relief under the Bankruptcy Code." or a substantially*
*similar statement.*

## IV. AVERMENTS OF LAW

14.     The First Amendment to the United States Constitution protects citizens from

governmental infringement upon the right to freedom of speech, the right of associational freedom

and expression, the right to peaceably assemble and to petition for redress of grievances.

15.     The Fifth Amendment guarantees that life, liberty and property will not be deprived

without due process of law.

16.     By implication, the Fifth Amendment guarantees the right to equal protection of the law.

17.     Each of these constitutional rights and privileges is clearly established and well-defined.

18.     The defendant, therefore, knows or should know that enforcement of the challenged

provisions of the BAPCPA, as established in 2005, will violate the Federal Constitutional rights

of Plaintiffs.

19.     The denial of rights guaranteed to Plaintiffs, and other members of the public, by the

First and Fifth Amendments of the United States Constitution inflicts an irreparable injury

to Plaintiffs.

20.     There is no adequate remedy at law for the injuries threatened against Plaintiffs and

other members of the public.

## CLAIMS OF INJURY

## COUNT ONE: VIOLATION OF RIGHTS GUARANTEED BY THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

21.     The facts stated herein above are incorporated herein by reference as though fully set out.

22.    BAPCPA, as enacted, appears to deny attorneys the right to have certain communications with prospective clients.   For example the BAPCPA states that a "debt relief agency" shall not:

> *(4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.*

23.    The BAPCPA chills an attorney's federally protected rights and ethical obligations, including, but not limited to, advising their client to refinance, or obtain a mortgage with a lower interest rate, prior to filing bankruptcy, even if the client intends to reaffirm and ratify the loan.

24.    Further, the BAPCPA chills an attorneys right to advise a client to file a Chapter 13 bankruptcy with a new debt for attorney fees to be paid over time under the plan.  This act chills attorneys from discussing legal matters with their clients and limits the public from receiving important information from their attorneys.

25.    Advocacy and right to legal advocacy are the kind of core, political speech that the First Amendment Free Speech Clause places beyond the reach of the Congress. *Legal Services Corp. V. Velazquez,* 531 U.S. 533, (2001), held that

> *Restricting LSC attorneys in advising their clients and in presenting arguments and analyses to the courts <u>distorts the legal system</u> by altering the traditional role of the attorneys in much the same way broadcast systems or student publication networks were changed in the limited forum cases we have cited. Just as government in those cases could not elect to use a broadcasting network or a college publication structure in a regime which prohibits speech necessary to the proper functioning of those systems, see Arkansas Ed. Television Comm'n, supra, and Rosenberger, supra, it may not design a subsidy to effect this serious and fundamental restriction on advocacy of attorneys and the functioning of the judiciary.  at 1050_. (emphasis added).*

26.    BAPCPA's prohibition on advocacy and right to legal advocacy communications is an unconstitutional abridgement of Plaintiffs" First Amendment rights of free speech.

8

27.    No government interest justifies this sweeping restriction on Plaintiffs' First
Amendment right to freedom of speech that is effected by BAPCPA.

28.    By chilling attorneys from engaging in legal advocacy, BAPCPA unconstitutionally
abridges Plaintiffs' First Amendment right of free speech.

WHEREFORE Plaintiffs respectfully pray that this Court grant the relief set out below in the
demand for judgment.

## COUNT TWO: VIOLATION OF COMMERCIAL FREE SPEECH UNDER THE FIRST AMENDMENT.

29.    The facts stated herein above are incorporated herein by reference as though fully set out.

31.    BAPCPA prohibits such groups as Plaintiff Milavetz, Gallop and Milavetz, P.A. from
engaging in certain marketing communications.

32.    Congress contemplated that BAPCPA's prohibition against such marketing
communications by legal advocacy organizations and corporations might be held unconstitutional.

34.    The burden of the disclosure requirement as a "debt relief agency" is exacerbated by the
timeliness of disclosure requirements, that require  Plaintiff to publish such disclosures on all
materials, including previously published telephone, internet, television and other forms of media
advertising commencing October 17, 2005.  Further, this requirement apparently applies to
attorney and non-attorney petition preparers, which may further confuse the public.

35.    Accordingly, BAPCPA's disclosure and reporting requirements violate the First
Amendment by unconstitutionally burdening and chilling the freedom of association and free
speech.

WHEREFORE Plaintiffs respectfully prays that this Court grant the relief set out below in the

demand for judgment.

## COUNT THREE: BAPCPA IS OVERBROAD AND VIOLATES THE FIRST AMENDMENT

36.     The facts stated herein above are incorporated herein by reference as though fully set out.

37.     11 U.S.C. 526 of BAPCPA prohibits a "debt relief agency" from advising an "assisted

person" to incur more debt in contemplation of bankruptcy.  BAPCPA does not

differentiate as to whether this advice pertains to a debt the debtor intends to pay, or discharge in

bankruptcy.  This portion of the BAPCPA is overbroad and will cause confusion for attorneys

who need to advise their clients.

38.     *Bigelow v. Virginia*, 421 U.S. 809, 815-16 (1975) held:

> *This Court often has recognized that a defendant's standing to challenge a statute on First Amendment grounds as facially overbroad does not depend upon whether his own activity is shown to be constitutionally privileged. The Court consistently has permitted "attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own [\*816]  conduct could not be regulated by a statute drawn with the requisite narrow specificity."* ...

39.     Plaintiffs, Milavetz Gallop and Milavetz P.A., Robert Milavetz, and Barbara Nevin are in

imminent danger of being forced to choose between possibly violating BAPCPA and their ethical

duty to properly advise their clients.  11 U.S. C. 26, states, attorneys cannot **"advise an assisted**

**person or prospective assisted person to incur more debt in contemplation of such person**

**filing a case under this title."**  This law is vague, overbroad, and creates a chilling effect upon

lawyers whose duties include; discussing, counseling, receiving, and providing information to

their client. This advise is presumptively protected under the First Amendment. This law has a

chilling effect upon attorneys who wish to consult with, advise and counsel their clients regarding

all of their options involving future financial plans, including the possibility of refinancing their home. This law is overbroad as it possibly limits attorneys from giving their clients advise which is lawful, helpful, and in no manner advising the client to commit a fraudulent act.

40.   A declaratory judgment regarding this situation is crucial to attorneys attempting to advise their clients.

41.  The act, because of its vagueness and overbreadth, has a chilling effect on the ability of Plaintiff attorneys to discuss with their clients pre-bankruptcy planning.

WHEREFORE, Plaintiffs respectfully prays that this Court grant the relief set out below in the demand for judgment

## COUNT FOUR: VAGUENESS OF BAPCPA

42.   The facts stated herein above are incorporated herein by reference as though fully set out.

43.   BAPCPA prohibits, on pain of both civil and criminal penalties, communications that do not include "debt relief agency" in advertising for bankruptcy attorneys. The legislation does not define the term "debt relief agency" or "bankruptcy attorney" but rather uses the terms interchangeably, which is inconsistent with the definition of debt relief agency.

44.   Because the terms "debt relief agency," "bankruptcy attorney," "bankruptcy lawyer," and "non-debt relief agency" are unclear, BAPCPA's prohibition on communication does not adequately inform Plaintiffs whether the kinds of speech prohibited are the sorts for which it intends to advertise and advise clients.

45.   Accordingly, BAPCPA's provisions governing communications are unconstitutionally void for vagueness under the First and Fifth Amendments.

46.   A Bankruptcy Court in the United States, the Southern District of Georgia, acting upon

11

its own motion, has ruled that "attorneys regularly admitted to the Bar of this Court or those admitted pro hac vice are not covered by the provisions of the Code regulating debt relief agencies, including without limitation sections 101 (12A), (4A), 526, 527, and 528, and are excused from compliance with any of those requirements or provisions so long as their activities fall within the scope of the practice of law and do not constitute a separate commercial enterprise." Please see *In the United States Bankruptcy Court for the Southern District of Georgia, In Re Attorneys at Law and Debt Relief Agencies*, October 17, 2005.

47.     A declaratory judgment would promote uniformity in the proper enforcement of BAPCPA and exempt Minnesota licenced attorneys from its' requirements of "debt relief agencies."

## COUNT FIVE: ABSENCE OF CONSTITUTIONALLY REQUIRED AND STATUTORILY MANDATED NOTICE

48.     The facts stated herein above are incorporated herein by reference as though fully set out.

49.     The Due Process Clause of the Fifth Amendment to the United States Constitution requires that persons may not be prosecuted for prohibited conduct when the government has failed to give sufficient notice of the law making such conduct criminal.

50.     BAPCPA, because it fails to define the terms of its restrictions and prohibitions with sufficient clarity, fails to give the kind of constitutionally required notice of conduct that will be subject to investigation and prosecution under law.

WHEREFORE the Plaintiff respectfully prays that this Court grant the relief set out below in the demand for judgment.

12

**COUNT SIX: VIOLATION OF EQUAL PROTECTION RIGHTS IMPLIED UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

51.     The facts stated herein above are incorporated herein by reference as though fully set out.

52.     While BAPCPA prohibits all individuals and corporations from advertising other than as

a "debt relief agency" in connection with bankruptcy and legal communications, nothing has

been exempted from this definition in any "news story, commentary, or editorial distributed

through the facilities of any broadcasting station, newspaper, magazine, or other periodical

publication."

53.     Similarly, BAPCPA prohibits all individuals and corporations from engaging in

communications, but excepts from this prohibition any communication by a broadcast

corporation that is made as part of a "news story, commentary, or editorial."

54.     Accordingly, BAPCPA, as enacted, unfairly and unconstitutionally discriminates against

Plaintiffs and in favor of broadcast media corporations, and thereby violates Plaintiffs'

rights of free speech and equal protection under the First and Fifth Amendments.

WHEREFORE Plaintiffs respectfully pray that this Court grant the relief set out below in the

demand for judgment.

**PRAYER FOR RELIEF**

On the foregoing causes of action, Plaintiffs respectfully pray that the Court grant it the relief

set forth below:

1.      Plaintiffs respectfully pray the entry of a declaratory judgment, that the challenged

provisions of BAPCPA, as enacted, violate the constitutional rights of Plaintiffs.

2.      Plaintiffs respectfully pray the entry of a declaratory judgment that the provisions

13

regulating debt relief agencies shall not be applicable to Milavetz, Gallop and Milavetz P.A., Robert Milavetz, Barbara Nevin and attorneys admitted to the Bar of this Court, and that the attorneys shall be excused from compliance with those requirements and provisions.

3.      Plaintiffs respectfully pray the entry of an order granting to Plaintiffs their costs, including a reasonable award of attorneys fees, pursuant to Title 28 U.S.C. § 2412, the Equal Access to Justice Act.

4.      Plaintiffs respectfully pray that the Court grant such other and further relief as it deems just in the circumstances.

Milavetz, Gallop and Milavetz P.A.

Dated *Nov. 10, 2005*

By_____
Alan S. Milavetz No. 164616
Chad Wm. Schulze, Atty. Reg. No. 323494
6500 France Avenue South
Edina, Minnesota 55435
(952) 920-7777

14