UNITED STATES DISTRICT COURT
FOURTH DIVISION
DISTRICT OF MINNESOTA

---

Milavetz, Gallop and Milavetz PA., Robert Milavetz, Barbara N. Nevin, John Doe and Mary Roe,

                Plaintiffs,

vs.

United States of America,

                Defendant.

Civil No.: 05-CV-2626 RHK/AJB

**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

---

## INTRODUCTION

1.    This action seeks a declaratory judgment, that the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), appear to inappropriately classify attorneys as "debt relief agencies." Further, the BAPCPA's restrictions on "debt relief agencies" if applied to attorneys, limits the attorneys' ability to ethically and competently advise and represent their clients and illegally restricts the attorneys' right to free speech. Also, the BAPCPA's restrictions on "debt relief agencies," if applied to attorneys, illegally restricts the public's right to receive information from attorneys, presumptively protected under the First Amendment of the United States Constitution.

2.    It is asserted that the BAPCPA's restrictions on "debt relief agencies" if applied against attorneys, affirmatively prevents attorneys from conforming with the Minnesota Rules of Professional Responsibility, which requires attorneys to provide "competent representation" to their clients, (Minn. R. Prof. Resp. Rule 1.1) by denying attorneys the right of free speech with their clients, which is constitutionally protected by the First Amendment of the United States Constitution. BAPCPA limits the ability of attorneys to competently advise their clients and to advocate for them.

1

# I. JURISDICTION AND VENUE

3.     Plaintiffs bring this action to construe 11 U.S.C § 526(c) 1-5 as it appears to authorize courts to enjoin "debt relief agencies" from certain actions and to impose civil penalties on the violator. Under BAPCPA the Bankruptcy Court has broad jurisdiction to both initiate a disciplinary action and punish a violation of the act. This provision has a constitutionally, impermissible chilling effect on First Amendment rights. Plaintiffs respectfully ask this court to declare that attorneys practicing in bankruptcy law are not subject to the provisions regulating "debt relief agencies."

4.     28 U.S.C. § 2201 (2005) permits any court of the United States, upon the filing of the appropriate pleading, to declare the rights and other legal relationships "of any interested party seeking such declaration, whether or not further relief is, or could be, sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

5.     11 U.S.C. § 526C(4) (2005) states: "the district courts of the United States for districts located in the State shall have concurrent jurisdiction of any action under subparagraph (A), (B) of paragraph (3)."

> 11 U.S.C.§ 526 (3) (2005) states:
>
> *(3) In addition to such other remedies as are provided under State law, whenever the chief law enforcement officer of a State, or an official or agency designated by a State, has reason to believe that any person has violated or is violating this section, the State--*
> *(A) may bring an action to enjoin such violation;*
> *(B) may bring an action on behalf of its residents to recover the actual damages of assisted persons arising from such violation, including any liability under paragraph (2)*

# II. PARTIES AND INTERESTS AFFECTED

6.     Plaintiff Milavetz, Gallop and Milavetz P.A. is a professional legal association which is incorporated pursuant to the laws of the State of Minnesota. The address of Milavetz, Gallop and Milavetz P.A. is 6500 France Avenue South, Edina, Minnesota 55435.

2

7. Plaintiffs, Robert Milavetz and Barbara Nevin are attorneys who are citizens of the United States. Plaintiffs, Robert Milavetz and Barbara Nevin, are duly licensed attorneys by the Minnesota Supreme Court, and the Federal Court for the District of Minnesota. Plaintiffs, Robert Milavetz and Barbara Nevin, practice in the United States Bankruptcy Court in the State of Minnesota. Plaintiffs provide "bankruptcy assistance" to "assisted persons."

8 Plaintiff, Robert Milavetz, is a director and supervisor of associate attorneys, employed by the law firm, Plaintiff Milavetz, Gallop and Milavetz P.A.

9. Plaintiff, Barbara Nevin, is an associate attorney of Milavetz Gallop and Milavetz P.A.. Plaintiff Barbara Nevin's duties include representing clients in bankruptcy matters. Ms. Nevin has currently fulfilled the attorney requirements for certification in order to file bankruptcies through electronic filing in the United States Bankruptcy Court. Ms. Nevin currently drafts, reviews and files all of the bankruptcy petitions filed by Milavetz, Gallop and Milavetz P.A. in the United States Bankruptcy Court in Minnesota.

10. Plaintiffs, John Doe and Mary Roe, are members of the public who wish to obtain legal advise from plaintiff attorneys, on behalf of themselves and all others similarly situated about possible bankruptcy and pre-bankruptcy planning, including their present and future assets, liabilities, income, and expenses, whose true names are Ronald Richardson and Lynette Richardson. Ronald Richardson and Lynette Richardson are residents of the City of Coon Rapids, County of Anoka, State of Minnesota.

11. Plaintiffs, Milavetz, Gallop and Milavetz P.A., and Barbara Nevin, are representing new clients under the Bankruptcy Code Amendments which took effect on October 17, 2005. Plaintiffs, Milavetz, Gallop and Milavetz P.A., Robert Milavetz and Barbara Nevin have advised and represented thousands of clients over the years in filing for relief under the United States bankruptcy

3

laws. Plaintiffs have previously advertised their legal services as bankruptcy attorneys in newspapers, telephone directories, television, radio, and the internet. Plaintiffs desire to continue to advertise, pursuant to the First Amendment of the U.S. Constitution, practicing as bankruptcy attorneys and not as "debt relief agencies." There is considerable confusion as to what attorneys are allowed to do or not do under BAPCPA. Particularly, whether they must advertise as "debt relief agencies", rather than as bankruptcy attorneys and whether the proscriptions against "debt relief agencies" also apply to bankruptcy attorneys.

12   Milavetz, Gallop and Milavetz P.A., desires to practice bankruptcy law consistent with the Minnesota Rules of Professional Conduct, and does not intend to engage in a separate commercial enterprise as a "debt relief agency," or call itself a "debt relief agency."

### III. AVERMENTS OF FACT

13.   The BAPCPA can be read to give an absurd, unintended and unconstitutional meaning in that attorneys may be defined in the statute as within the inclusion of the term "debt relief agency,"while Congress did not intend this result.

14.   If the term "debt relief agency" was defined to not include attorneys and was not applicable to Plaintiffs and other attorneys, Plaintiffs would not claim that the statute was unconstitutionally violative as to themselves and other persons similarly situated.

15.   The relevant portions of the BAPCPA are 11 U.S.C. §s. 101, 526 & 528 (2005) provide:

A.   11 U.S.C. § 101 (2005) defines an attorney as::

> *The term "attorney" means attorney, professional law association, corporation, or partnership, authorized under applicable law to practice law.*

4

B.     11 U.S.C.§ 101 (12)(A)(2005) defines a "debt relief agency" as follows:

*The term "debt relief agency"* **_means any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110_** *[11 USCS § 110], but does not include– (emphasis supplied)*

*any person who is an officer, director, employee, or agent of a person who provides such assistance or of the bankruptcy petition preparer;*

*a nonprofit organization that is exempt from taxation under section 501(c)(3) of the Internal Revenue Code of 1986 [26 USCS § 501(c)(3)];*

*a creditor of such assisted person, to the extent that the creditor is assisting such assisted person to restructure any debt owed by such assisted person to the creditor;*

*a depository institution (as defined in section 3 of the Federal Deposit Insurance Act [12 USCS § 1813]) or any Federal credit union or State credit union (as those terms are defined in section 101 of the Federal Credit Union Act [12 USCS § 1752]), or any affiliate or subsidiary of such depository institution or credit union; or*

*an author, publisher, distributor, or seller of works subject to copyright protection under title 17, when acting in such capacity.*

C.     The above section does not expressly include, nor exclude, attorneys as debt relief agencies. The statute is unconstitutionally ambiguous, in that its definition of **bankruptcy assistance** includes **legal representation**. The term bankruptcy assistance can be read to give an absurd result to this chapter.

D.     Bankruptcy assistance is defined in section 101 4 a as follows ;

The term "bankruptcy assistance" means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another **or providing legal representation** with respect to a case or proceeding under this title. (emphasis supplied)

E.     11 U.S.C. § 126 (a) 1-4 states the following things a "debt relief agency" may not do.

*a) A debt relief agency shall not--*

*(1) fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title;*

5

*(2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue and misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;*

*(3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to–*
*(A) the services that such agency will provide to such person; or*
*(B) the benefits and risks that may result if such person becomes a debtor in a case under this title; or*

**(4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.** *11   (Emphasis added).*

F.         11 U.S.C. § 528 (2005) a-b also places the following restrictions on debt relief agencies.

*(a) A debt relief agency shall--*

*(1) not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person that explains clearly and conspicuously--*

*(A) the services such agency will provide to such assisted person; and*

*(B) the fees or charges for such services, and the terms of payment;*

*(2) provide the assisted person with a copy of the fully executed and completed contract;*

*(3) clearly and conspicuously disclose in any advertisement of bankruptcy assistance services or of the benefits of bankruptcy directed to the general public (whether in general media, seminars or specific mailings, telephonic or electronic messages, or otherwise) that the services or benefits are with respect to bankruptcy relief under this title; and*

**(4) clearly and conspicuously use the following statement in such advertisement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." or a substantially similar statement.**

*(b) (1) An advertisement of bankruptcy assistance services or of the benefits of bankruptcy directed to the general public includes--*

> *(A) descriptions of bankruptcy assistance in connection with a chapter 13 plan whether or not chapter 13 is specifically mentioned in such advertisement; and*
> *(B) statements such as "federally supervised repayment plan" or "Federal debt restructuring help" or other similar statements that could lead a reasonable consumer to believe that debt counseling was being offered when in fact the services were directed to providing bankruptcy assistance with a chapter 13 plan or other form of bankruptcy relief under this title.*
>
> ***(2) An advertisement, directed to the general public, indicating that the debt relief agency provides assistance with respect to credit defaults, mortgage foreclosures, eviction proceedings, excessive debt, debt collection pressure, or inability to pay any consumer debt shall--***
> *(A) disclose clearly and conspicuously in such advertisement that the assistance may involve bankruptcy relief under this title; and*
> *(B) include the following statement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." or a substantially similar statement.*

## IV. AVERMENTS OF LAW

16. The First Amendment to the United States Constitution protects citizens from governmental infringement upon the right to freedom of speech, the right of associational freedom and expression, the right to peaceably assemble and to petition for redress of grievances.

17. The Fifth Amendment guarantees that life, liberty and property will not be deprived without due process of law.

18. By implication, the Fifth Amendment guarantees the right to equal protection of the law.

19. Each of these constitutional rights and privileges is clearly established and well-defined.

20. The defendant, therefore, knows or should know that enforcement of the challenged provisions of the BAPCPA, as established in 2005, will violate the Federal Constitutional rights of Plaintiffs and other persons similarly situated.

21. The denial of rights guaranteed to Plaintiffs, and other members of the public, under the First and Fifth Amendments of the United States Constitution inflicts an irreparable injury to Plaintiffs and other persons similarly situated.

22. There is no adequate remedy at law for the injuries threatened against Plaintiffs and other members of the public.

## CLAIMS OF INJURY

### COUNT ONE: VIOLATION OF RIGHTS GUARANTEED BY THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

23. The facts stated herein above are incorporated herein by reference as though fully set out.

24. BAPCPA, as enacted, appears to deny attorneys the right to have certain communications with prospective clients. For example the BAPCPA states that a "debt relief agency" shall not:

> *(4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.*

25. The BAPCPA chills attorney's federally protected rights and ethical obligations to properly advise and counsel their clients. Restrictions on a "debt relief agency," if applied to Plaintiff attorneys, would unconstitutionally limit their obligation in pre-bankruptcy counseling. Attorneys have the right to advise their clients over a broad range of subjects which are prohibited to debt relief agencies.

26. By way of illustration, not intending to be exhaustive, Attorneys must be able to advise their client whether to refinance a home or obtain a mortgage with a lower interest rate prior to filing bankruptcy.

27. BAPCPA has a chilling effect upon attorneys who wish to consult with, advise and counsel their clients regarding all of their options involving future financial plans, including the possibility of refinancing their home, co-signing on a child's educational loan, obtaining emergency medical and dental assistance, and other obligations that they wish to discuss without a fraudulent intent. This law is overbroad and it limits attorneys from giving their clients advise which is lawful, helpful, and does not advocate that they commit fraudulent acts.

8

28. 11 U.S.C. 526 of BAPCPA prohibits a "debt relief agency" from advising an "assisted person" to incur more debt in contemplation of bankruptcy. BAPCPA does not differentiate as to whether this advice pertains to a debt the debtor intends to pay, or discharge in bankruptcy. Further, the BAPCPA chills an attorneys right to advise a client to file a Chapter 13 bankruptcy with a new debt for attorney fees to be paid over time under the plan.

29. The prohibition under (4) of 11 U.S.C.§ 526 (2005) against advice to pay an attorney in a bankruptcy case, is violative of the First Amendment to the Constitution of the United States whether or not an attorney is within the definition of a "debt relief agency." This provision of BAPCPA should be judicially removed and Plaintiff attorneys have standing to request this relief.

30. Advocacy and right to legal advocacy are the kind of core, political speech that the First Amendment Free Speech Clause places beyond the reach of the Congress. *Legal Services Corp. V. Velazquez,* 531 U.S. 533, (2001), held that

> ***Restricting LSC attorneys in advising their clients and in presenting arguments and analyses to the courts <u>distorts the legal system</u> by altering the traditional role of the attorneys in much the same way broadcast systems or student publication networks were changed in the limited forum cases we have cited. Just as government in those cases could not elect to use a broadcasting network or a college publication structure in a regime which prohibits speech necessary to the proper functioning of those systems, see Arkansas Ed. Television Comm'n, supra, and Rosenberger, supra, it may not design a subsidy to effect this serious and fundamental restriction on advocacy of attorneys and the functioning of the judiciary.*** *at 1050_. (emphasis added).*

31. BAPCPA's prohibition on advocacy and right to legal advocacy communications is an unconstitutional abridgement of Plaintiffs'' First Amendment rights of free speech.

32. No government interest justifies this sweeping restriction on Plaintiffs' First Amendment right to freedom of speech that is effected by BAPCPA.

33. By chilling attorneys from engaging in legal advocacy, and by preventing Ronald Richardson and Lynette Richardson from receiving legal advice, BAPCPA unconstitutionally abridges Plaintiffs' First Amendment right of free speech an they suffered harm as a result.

9

34. Bankruptcy assistance is defined in section 101 4 a as follows ;

> The term "bankruptcy assistance" means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another **or providing legal representation** with respect to a case or proceeding under this title. (emphasis supplied)

This definition is overbroad and confusing. Plaintiffs practice in the area of personal injury, as well as bankruptcy. If one of their clients is hit by a drunk driver, for example, and the debt is non-dischargeable, Plaintiffs have, in the past, had to file a proof of claim or object to the discharge. "debt relief agencies" when they would be representing a party who is actually a creditor.

WHEREFORE Plaintiffs respectfully pray that this Court grant the relief set out below in the demand for judgment.

## COUNT TWO: VIOLATION OF COMMERCIAL FREE SPEECH UNDER THE FIRST AMENDMENT.

34. The facts stated herein above are incorporated herein by reference as though fully set out.

35. BAPCPA prohibits such groups as Plaintiff Milavetz, Gallop and Milavetz, P.A. from engaging in certain marketing communications.

36 Congress contemplated that BAPCPA's prohibition against such marketing communications by legal advocacy organizations and corporations might be held unconstitutional.

37. The burden of the disclosure requirement as a "debt relief agency" is exacerbated by the timeliness of disclosure requirements, that require Plaintiff to publish such disclosures on all materials, including previously published telephone, internet, television and other forms of media advertising commencing October 17, 2005. Further, this requirement apparently applies to attorney and non-attorney petition preparers, which may further confuse the public.

38. Accordingly, BAPCPA's disclosure and reporting requirements violate the First Amendment by unconstitutionally burdening and chilling the freedom of association and free speech.

WHEREFORE Plaintiffs respectfully prays that this Court grant the relief set out below in the demand for judgment.

### COUNT THREE: PLAINTIFFS HAVE STANDING TO ASSERT THAT BAPCPA IS OVERBROAD AND VIOLATES THE FIRST AMENDMENT

39.     The facts stated herein above are incorporated herein by reference as though fully set out.

40.     *Bigelow v. Virginia*, 421 U.S. 809, 815-16 (1975) held:

> *This Court often has recognized that a defendant's standing to challenge a statute on First Amendment grounds as facially overbroad does not depend upon whether his own activity is shown to be constitutionally privileged. The Court consistently has permitted "attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own [\*816] conduct could not be regulated by a statute drawn with the requisite narrow specificity."* ...

41.     Plaintiffs, Milavetz Gallop and Milavetz P.A., Robert Milavetz, and Barbara Nevin are in imminent danger of being forced to choose between possibly violating BAPCPA and their ethical duty to properly advise their clients. 11 U.S. C. 26, states, attorneys cannot **"advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title."** This law is vague, overbroad, and creates a chilling effect upon lawyers whose duties include; discussing, counseling, receiving, and providing information to their client. This advise is presumptively protected under the First Amendment.

42.     A declaratory judgment regarding this situation is crucial to attorneys attempting to advise their clients, and to Ronald Richardson and Lynette Richardson and all other members of the public similarly situated to receive such advice.

43.     Plaintiff's have standing to assert on behalf of other attorneys and members of the public, in the State of Minnesota, that BAPCPA, because of its vagueness and overbreadth, has a chilling effect on the ability of attorneys to discuss with their clients pre-bankruptcy planning.

WHEREFORE, Plaintiffs respectfully prays that this Court grant the relief set out below in the demand for judgment

## COUNT FOUR: VAGUENESS OF BAPCPA

44.     The facts stated herein above are incorporated herein by reference as though fully set out.

45.     BAPCPA prohibits, on pain of both civil and criminal penalties, communications that do not include "debt relief agency" in advertising for bankruptcy attorneys. The legislation does not define the term "debt relief agency" or "bankruptcy attorney" but rather uses the terms interchangeably, which is inconsistent with the definition of "debt relief agency".

46.     Because the terms "debt relief agency," "bankruptcy attorney," "bankruptcy lawyer," and "non-debt relief agency" are unclear, BAPCPA's prohibition on communication does not adequately inform Plaintiffs whether the kinds of speech prohibited are the sorts for which it intends to advertise and advise clients.

47.     Accordingly, `BAPCPA's provisions governing communications are unconstitutionally void for vagueness under the First and Fifth Amendments.

48.     A Bankruptcy Court in the United States, the Southern District of Georgia, acting upon its own motion, has ruled that "attorneys regularly admitted to the Bar of this Court or those admitted pro hac vice are not covered by the provisions of the Code regulating debt relief agencies, including without limitation sections 101 (12A), (4A), 526, 527, and 528, and are excused from compliance with any of those requirements or provisions so long as their activities fall within the scope of the practice of law and do not constitute a separate commercial enterprise." Please see *In the United States Bankruptcy Court for the Southern District of Georgia, In Re Attorneys at Law and Debt Relief Agencies*, October 17, 2005.

49.     A declaratory judgment would promote uniformity in the proper enforcement of BAPCPA and exempt Minnesota licenced attorneys from its' requirements of "debt relief agencies."

WHEREFORE, Plaintiffs respectfully prays that this Court grant the relief set out below in the demand for judgment.

## PRAYER FOR RELIEF

On the foregoing causes of action, Plaintiffs respectfully pray that the Court grant it the relief set forth below:

1.      Plaintiffs respectfully pray the entry of a declaratory judgment, that the challenged provisions of BAPCPA, as enacted, violate the constitutional rights of Plaintiffs.

2.      Plaintiffs respectfully pray the entry of a declaratory judgment that the provisions regulating debt relief agencies shall not be applicable to Milavetz, Gallop and Milavetz P.A., Robert Milavetz, Barbara Nevin and attorneys admitted to the Bar of this Court, and that the attorneys shall be excused from compliance with those requirements and provisions.

3.      Plaintiffs respectfully pray the entry of an order granting to Plaintiffs their costs, including a reasonable award of attorneys fees, pursuant to Title 28 U.S.C. § 2412, the Equal Access to Justice Act.

4.  Plaintiffs respectfully pray that the Court grant such other and further relief as it deems just in the circumstances.

                        Milavetz, Gallop and Milavetz P.A.

Dated 12-15-06

By /s/ Chad Wm. Schulze
Alan S. Milavetz No. 164677
Chad Wm. Schulze, Atty. Reg. No. 323494
6500 France Avenue South
Edina, Minnesota 55435
(952) 920-7777